JOHN DEHART v. THE STATE.

No. 5536.  Decided February 25, 1920.

Abduction—Charge of Court—Punishment—Statute Construed.

Where, upon trial of abduction, of a girl under fourteen years of age, for the purpose of forcing her into marriage, under article 1059, P. C., the court submitted in his charge the offense under article 1062, P. C., which is a felony, the indictment charging a misdemeanor, the conviction cannot be sustained.

Appeal from the District Court of Robertson.  Tried below before the Hon. W. C. Davis, judge.

Appeal from a conviction of abduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*B. L. Palmer,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the state.

DAVIDSON, PRESIDING JUDGE.—appellant, under an indictment charging abduction of a girl under fourteen years of age for the purpose of forcing her into marriage, was convicted and given the felony punishment denounced by Article 1062, P. C.

The indictment did not charge or attempt to charge that after the abduction that he in fact did marry the girl.  The court charged the jury that if appellant abducted the girl and did thereafter force her into marriage, they would find him guilty of a felony and assess his punishment at not less than two nor more than five years in the penitentiary.

Under Article 1059, P. C., the abduction may be with the intent to force the girl into marriage or for the purpose of prostitution. This indictment does not charge the abduction was for the purpose of prostitution, but only for the purpose of forcing the girl into marriage with himself.  This would not justify the court to submit punishment for a felony.  If the abduction occurred for the purpose of forcing the girl into marriage, and that is the State's case as charged in the indictment, the punishment would be by fine not to exceed two thousand dollars, which would be a misdemeanor, but the court here authorized the conviction for the felony, and he was allotted a punishment in the penitentiary for such felony.  The court could only authorize the conviction for the misdemeanor.  This

charge is clearly wrong and authorized a conviction for an offense not charged in the indictment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*